IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICGT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DIANE CASE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. _____ |
| | § | |
| MINNESOTA LIFE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Minnesota Life Insurance Company ("Minnesota Life"), for the purpose only of removing this cause to the United States District Court for the Eastern District of Texas, Beaumont Division, states:

1. **State Court Action.** Plaintiff Diane Case filed an action in the in the 75th Judicial District Court of Liberty County, Texas, Cause No. CV1610340 on January 15, 2016. Plaintiff asserts claims against Minnesota Life for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"), and for mental anguish based on the denial of benefits under a decreasing term accidental death insurance policy issued by Minnesota Life ("Policy").

2. **Diversity of Citizenship.** The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1132. Plaintiff was a citizen and resident of the state of Texas at the time this action was filed and remains a citizen and resident of Texas as of the date of this

removal. [Petition, ¶ 2.] Minnesota Life is a Minnesota corporation, with its principal place of business in St. Paul, Minnesota. [Petition, ¶ 3.] Accordingly, Minnesota Life was a citizen and resident of Minnesota at the time this action was filed and remains a citizen and resident of Minnesota as of the date of this removal. Therefore, complete diversity of citizenship has at all times existed between Plaintiff and Minnesota life.

3. **Amount in Controversy.** Further, based on the face of Plaintiff's Petition, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Specifically, Plaintiff seeks to recover "monetary relief over $200,000 but not more than $1,000,000." [Petition ¶ 5.] Moreover, Plaintiff's maximum benefit under the Policy is approximately $17,500. Plaintiff also seeks statutory "additional damages under the DTPA," "additional damages under the Texas Insurance Code," "damages for mental anguish," and "attorney's fees." [Petition, ¶¶ 28, 34, 37-39.] Accordingly, the amount in controversy would be satisfied even if Plaintiff did not plead the statutory requisite. *See Dow Agroscience L.L.C. v. Bates,* 332 F.3d 323, 326 (5th Cir. 2003) (claim for $18,242.50, trebled under DTPA, plus attorneys' fees, meets the $75,000,00 jurisdictional threshold), *vacated on other grounds,* 544 U.S. 531 (2005); *St. Paul Reinsurance Co. v Greenberg,* 34 F.3d 1250; *Graham v. Henegar,* 640 F.2d 732, 735-36 n.9 (5th Cir. 1981) (attorneys' fees must be included in calculating amount in controversy); *Cross v Bell Helmets, USA,* 927 F. Supp. 209, 212-213 (E.D. Tex. 1996).

4. **Removal is Proper.** The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and this action is between citizens of different states. Accordingly, this action

may be removed pursuant to 28 U.S.C. § 1441.  In addition, removal is timely under 28 U.S.C. § 1446(b) as Minnesota Life was served with process on January 25, 2016, which was the first time that Minnesota Life received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based.

5. **Local Rule CV-81 and State Court Documents.**  Pursuant to Local Rule CV-81, the following information is being furnished to the clerk at the time of removal:

1. A Civil Cover Sheet;

2. A List of Parties and Counsel, which lists each attorney's bar number, address, phone number and party represented **[Exhibit A]**;

3. An Index of State Court Filed Documents including a certified copy of the state court docket sheet and all pleadings that assert causes of action, all answers to such pleadings, and copies of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a) **[Exhibit B]**; and

4. The name and address of the court from which the case is being removed, as well as which party has requested trial by jury **[Exhibit C]**; and

5. Defendant's Certificate of Interested Parties **[Exhibit D].**

6. **Notice.**  Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal shall be provided to all adverse parties and filed with the clerk of the state court.

## RELIEF REQUESTED

Minnesota Life respectfully requests that the United States District Court for the Eastern District of Texas, Beaumont Division, accept this Notice of Removal; assume jurisdiction of this cause; and grant such other and further relief as may be necessary.

Date: February 23, 2016                     Respectfully submitted,


                                          By:   /s/ Ryan K. McComber
                                                   Ryan K. McComber
                                                   State Bar No. 24041428
                                                 ryan.mccomber@figdav.com
                                                 Amber D. Reece
                                                 State Bar No. 24079892
                                                 amber.reece@figdav.com

                                               **FIGARI + DAVENPORT, LLP**
                                                901 Main Street, Suite 3400
                                                Dallas, Texas  75202
                                                Telephone: (214) 939-2000
                                                Facsimile: (214) 939-2090

                                                ATTORNEYS FOR DEFENDANT
                                                MINNESOTA LIFE INSURANCE
                                                COMPANY


## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served on the following counsel of record on February 23, 2016:

James D. Chandler                                   *Certified Mail, Return Receipt Requested*
Law Office of James D. Chandler
P.O. Box 9154
2004 North Main Street
Liberty, Texas 77575


                                                /s/ Ryan K. McComber
                                                Ryan K. McComber