IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICGT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DIANE CASE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. _____ |
| | § | |
| MINNESOTA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## EXHIBIT B
## INDEX OF STATE COURT FILED DOCUMENTS

Defendant Minnesota Life Insurance Company files its Index of State Court Filed Documents as follows:

| **State Court Document** | **Date Filed or Received** |
|---|---|
| 1. Docket Sheet from 75th District Court | N/A |
| 2. Plaintiff's Original Petition and Request for Disclosures | 01/15/2016 |
| 3. Civil Cover Information Sheet | 01/15/2016 |
| 4. Citation issued to Minnesota Life Insurance Company | 01/15/2016 |
| 5. Defendant's Original Answer | 02/12/2016 |

Respectfully submitted,

By: /s/ Ryan K. McComber
Ryan K. McComber
SBN 24041428
ryan.mccomber@figdav.com
Amber D. Reece
SBN 24079892
amber.reece@figav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
Tel: (214) 939-2000
Fax: (214) 939-2090

ATTORNEYS FOR DEFENDANT MINNESOTA
LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served on the following counsel of record on February 23, 2016:

James D. Chandler                              *Certified Mail, Return Receipt Requested*
Law Office of James D. Chandler
P.O. Box 9154
2004 North Main Street
Liberty, Texas 77575

/s/ Ryan K. McComber
Ryan K. McComber

# CIVIL DOCKET

CASE NO. CV1610340

| NUMBER OF CASE | NAME OF PARTIES | ATTORNEYS | KIND OF ACTION AND PARTY DEMANDING JURY | DATE OF FILING MONTH | DAY | YEAR |
|---|---|---|---|---|---|---|
| CV1610340 | DIANE CASE | JAMES D. CHANDLER | | 01 | 15 | 2016 |
| | VS | PLTF. | | JURY FEE $ | | |
| | MINNESOTA LIFE INSURANCE COMPANY | | | PAID BY | | |
| FEE BOOK VOL / PAGE | | DEFT. | | JURY NO. | | |

| DATE OF ORDERS MONTH / DAY / YEAR | ORDERS OF COURT | MINUTE BOOK VOL / PAGE | PROCESS |
|---|---|---|---|
| 2 / 12 / 16 | answer - Def. Minnesota Life Ins. Co filed by Ryan McComber. | | |

A true copy I hereby certify
Donna G. Brown, District Clerk
Liberty County, Texas
By Destenee Herrell
Deputy

FILED
1/15/2016 2:58:47 PM
Donna G. Brown
District Clerk
Liberty County, TX
KARLA GALVAN

NO. CV1610340

| | | |
|---|---|---|
| DIANE CASE | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 75TH JUDICIAL DISTRICT |
| | § | |
| MINNESOTA LIFE INSURANCE | § | |
| COMPANY | § | |
| Defendant. | § | OF LIBERTY COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Diane Case, hereinafter referred to as Plaintiff, complaining of and about Minnesota Life Insurance Company, hereinafter referred to as Defendant, and for cause of action shows unto the Court the following:

#### DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiff intends that discovery be conducted under Discovery Level 2.

#### PARTIES AND SERVICE

2.  Plaintiff, Diane Case, is an Individual whose address is 2744 Cornell St., Liberty, Texas 77575.

3.  Defendant Minnesota Life Insurance Company, a foreign Limited Liability Company based in Minnesota, may be served with process by serving the registered agent of said company, CT Corporation, at 1999 Bryan Street Suite 900, Dallas, Texas 75201, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

#### JURISDICTION AND VENUE

4.  The subject matter in controversy is within the jurisdictional limits of this court.

1



5.  Plaintiff seeks:

    a.  monetary relief over $200,000 but not more than $1,000,000.

6.  This court has personal jurisdiction herein because Defendant is a Texas resident.

7.  Venue in Liberty County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code.

## FACTS

8.  On or about June 25, 2009, Michael D. Case Sr. and Diane Case went into contract with Minnesota Life Insurance Company for the purchase of an Accidental Death Policy with the contract number of 0390748-001102173390.

9.  In January 2014, Michael D. Case Sr., stepped on a piece of glass, which led to an infection and subsequently resulted in multiple amputation, dialysis and surgical wound care.

10. Then on April 16, 2014, Michael D. Case Sr., died from Atherosclerotic and Hypertensive Cardiovascular Disease and Diabetes Mellitus, complications following sharp force injury of left foot, ruled an accident by Harris County Assistant Medical Examiner Sara N. Doyle, M.D.

11. After receiving the death certificate demand was made for the policy limits from Minnesota Life.

12. On October 13, 2015, Minnesota Life Insurance denied the claim.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

As a cause of action against Defendant, Plaintiff further alleges as follows:

13  Plaintiff adopts and incorporates by reference herein paragraphs 1 thru 12 of the Petition as set forth in full.

2

14. Plaintiff paid all premiums due under the policy and performed all other conditions required by the policy.

15. Defendant's expressed and/or implied representation to act in good faith, thoroughly investigate, and process any claims Plaintiff may make on the policy of insurance with Defendant was material to the formation of the contract of insurance with Defendant.

16. Defendant is in breach of said contract of insurance and, as a result, Plaintiff has incurred monetary damages as aforesaid and Defendant is therefore liable for all damages suffered by Plaintiff.

Therefore, Plaintiff seeks judgment as prayed for below.

## SECOND CAUSE OF ACTION

## (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)

As a cause of action against Defendant, Plaintiff further alleges as follows:

17. Plaintiff adopts and incorporates by reference herein paragraphs 1 thru 11 of the Petition as set forth in full.

18. Additionally, and/or alternatively, without waiving the above and foregoing, Plaintiff would show that in adjusting Plaintiff's claim Defendant acted unreasonably in delaying payment of Plaintiff's claims in the following respects: Defendant has not yet paid Plaintiff's claim three months after the loss and after Plaintiff notified Defendant of the demand for the estimated damage.

19. Defendant's delay in paying Plaintiff's damages breached its duty of good faith and fair dealing, since it had no reasonable cause for the delay and knew or should have known it had no reasonable cause. Under these circumstances, a person of ordinary care and prudence would not have delayed payment of the claim for over three months.

3

20. Under the policy and based on Defendant's status as its holder and beneficiary, Defendant owed Plaintiff a duty of good faith and fair dealing.

21. All conditions precedent to Plaintiff's recovery under the policy have been performed.

22. As a result of Defendant's breach of the policy, Plaintiff has suffered damages as alleged herein.

Therefore Plaintiff seeks judgment as prayed for below.

### THIRD CAUSE OF ACTION

### (DECEPTIVE TRADE PRACTICES ACT)

As a cause of action against Defendant, Plaintiff further alleges as follows:

23. Plaintiff adopts and incorporates by reference herein paragraphs 1 thru 11 of the Petition as set forth in full.

24. Additionally, and/or alternatively, without waiving the above and foregoing, Plaintiff would show that Plaintiff is a consumer as that term is defined by the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in that Plaintiff sought and/or acquired by purchase and/or lease goods and/or services from Defendant.

25. Plaintiff would further show that their assets do not exceed Twenty-Five Million Dollars ($25,000,000.00) as required for them to be protected by the DTPA.

26. Plaintiff would further show that they made written demand for resolution of the claims set forth herein, and that said written demand satisfies the requirements of the DTPA.

27. Plaintiff would further show that Defendant's actions, as more fully set forth above, constitute violations of Sections 17.50(a)(1), (3), and (4) of the DTPA. Specifically,

Defendant breached the express terms of the insurance policy governing Plaintiff's claims and violated Chapter 541 of the Texas Insurance Code by failing to investigate the basis of said claims and pay benefits as set forth in the factual background above. Further, Plaintiff would show that the above-described conduct further constitutes false, misleading and deceptive acts and practices in violation of Sections 17.46(b)(5) and (12) of the DTPA.

28. Defendant committed the aforementioned acts knowingly and/or intentionally entitling Plaintiff to additional damages under the DTPA. Further, Plaintiff relied on Defendant's representations.

29. Defendant's acts were a producing cause of Plaintiff's damages.

30. As a result of Defendant's breach of the policy, Plaintiff has suffered damages as alleged herein.

Therefore Plaintiff seeks judgment as prayed for below.

## FOURTH CAUSE OF ACTION

### (TEXAS INSURANCE CODE)

As a cause of action against Defendant, Plaintiff further alleges as follows:

31. Plaintiff adopts and incorporates by reference herein paragraphs 1 thru 11 of the Petition as set forth in full.

32. Additionally, and/or alternatively, without waiving the above and foregoing, Plaintiff would show that Defendant violated Texas Insurance Code, Section 541.151(1), 541.060(a)(1), (2)(A), (3), and (7), Section 541.061, and Section 541.151(2) by engaging in an unfair and deceptive course of conduct by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement when liability had become reasonably clear, failing to investigate the basis of said claims and pay benefits as set forth in the factual background above,

misrepresenting to a claimant a material fact of policy provision relating to coverage, and failing to provide promptly to Plaintiff a reasonable explanation of the factual and legal basis in the policy for its denial of policy proceeds and its withholding of depreciation, which precluded Plaintiff from receiving timely benefits. Specifically, Plaintiff asserts that Defendant failed to promptly pay the amount of loss determined by its adjuster as required by the terms and conditions of the insurance policy, and further that Defendant withheld payments for depreciation, all of the foregoing without conducting a reasonable investigation prior to denying said benefits.

33. Plaintiff would further show that they have made written demand for resolution of the claims set forth herein, and that said written demand satisfies the requirements of the Insurance Code.

34. Defendant committed the aforementioned acts knowingly and/or intentionally entitling Plaintiff to additional damages under the Texas Insurance Code. Further, Plaintiff relied on Defendant's representations.

35. Defendant's acts were a producing cause of Plaintiff's damages.

36. As a result of Defendant's breach of the policy, Plaintiff has suffered damages as alleged herein.

### DAMAGES FOR MENTAL ANGUISH

37. Plaintiff would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

6

38. As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## ATTORNEY'S FEES

39. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; and, (b) common law.

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Diane Case, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

By: _____
James D. Chandler
Texas Bar No. 24071077
P.O. Box 9154
Liberty, Texas 77575
Tel. (936) 336-6275
Fax. (936) 336-2266
Attorney for Plaintiff
Diane Case

8

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): **CV1610340**   COURT (FOR CLERK USE ONLY): **75TH**

STYLED _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

## 1. Contact information for person completing case information sheet

| | | |
|---|---|---|
| Name: Kerry Chandler  Email: kerry@chandlerlawfirm.net | Plaintiff(s)/Petitioner(s): Diane Case | Person or entity completing sheet is: [X] Attorney for Plaintiff/Petitioner [ ] Pro Se Plaintiff/Petitioner [ ] Title IV-D Agency [ ] Other: |
| Address: P.O. 9154   Telephone: 936-336-6225 | | Additional Parties in Child Support Case: Custodial Parent: |
| City/State/Zip: C.B. TX 77535  Fax: 936-336-2066 | Defendant(s)/Respondent(s): Minnesota Life Ins. | Non-Custodial Parent: |
| Signature:  State Bar No: 24071077 | | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
- Debt/Contract
  - [ ] Consumer/DTPA
  - [ ] Debt/Contract
  - [ ] Fraud/Misrepresentation
  - [ ] Other Debt/Contract
- Foreclosure
  - [ ] Home Equity—Expedited
  - [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
- Malpractice
  - [ ] Accounting
  - [ ] Legal
  - [ ] Medical
  - [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises
- Product Liability
  - [ ] Asbestos/Silica
  - [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
- Divorce
  - [ ] With Children
  - [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-Judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

### Probate & Mental Health

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

**Probate/Wills/Intestate Administration**
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action

- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment

- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover



tabbies 3

| | |
|---|---|
| **CLERK OF THE COURT** | **ATTORNEY FOR PLAINTIFF OR PLAINTIFF'(S)** |
| Donna G. Brown, District Clerk | James D. Chandler |
| 1923 Sam Houston, Room 115 | Po Box 9154 |
| Liberty, Texas 77575 | Liberty, Texas 77575 |

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

THE STATE OF TEXAS

TO: MINNESOTA LIFE INSURANCE, Respondent, Greetings;

You are hereby commanded to appear by filing a written answer to the Petitioner's Original Petition and Request for Disclosures at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **75TH JUDICIAL DISTRICT COURT** of Liberty County, Texas at the Court House of said County in Liberty, Texas.

Said Petitioner's Petition was filed in said court on the 15th day of January, 2016, in this cause, Numbered **CV1610340** on the docket of said court, and styled, DIANE CASE, Plaintiff vs. MINNESOTA LIFE INSURANCE COMPANY, Defendant.

The nature of Petitioner's demand is fully shown by a true and correct copy of Petitioner's Original Petition and Request for Disclosures, accompanying this citation and made a part hereof.

The Officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Liberty, Texas, this the 21st day of January, 2016.

(SEAL)

Attest _Donna G. Brown_, Clerk, District Court
Donna G. Brown, District Clerk
Liberty County, Texas

By _Karla Galvan_, Deputy
Karla Galvan

Rule 106 " the citation shall be served by the officer delivering to each defendant, in person, a true copy of this citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto.

4

## SHERIFF'S RETURN

Came to hand on _____ day of _____, 201___, at _____ o'clock ____. M., and executed in _____ County, Texas by delivering to each of the within-named _____, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Petition, at the following times and places, to wit:

| Name | Date | | | Time | | | Place, and Course and Distance From Court House |
|---|---|---|---|---|---|---|---|
| | Month | Day | Year | Hour | Min. | ....M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the Respondent, _____ the diligence used in finding said Respondent, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of the said Respondent, being: _____

FEES — Serving _____ Copy _____ $ _____.____
       Total $_____.____

_____ Sheriff/Constable, Precinct # _____

_____ County, Texas

By _____,
   Deputy

## CERTIFICATE OF DELIVERY

I, do hereby certify that I delivered to _____, Defendant on the _____ day _____, 201_____, at _____ o'clock ____.M. a copy of this instrument.

_____ Sheriff/Constable,
Precinct # _____
By_____, Deputy

FILED
2/12/2016 4:03:34 PM
Donna G. Brown
District Clerk
Liberty County, TX

NO. CV1610340

| | | |
|---|---|---|
| DIANE CASE, | § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| v. | § § | LIBERTY COUNTY, TEXAS |
| MINNESOTA LIFE INSURANCE COMPANY, | § § § § | |
| Defendant. | § | 75TH JUDICIAL DISTRICT |

## DEFENDANT MINNESOTA LIFE INSURANCE COMPANY'S ORIGINAL ANSWER

Defendant Minnesota Life Insurance Company ("Minnesota Life") files its original answer to Plaintiff's Original Petition and Request for Disclosures, and states:

1. **General Denial.** Subject to such admissions and stipulations as may be made at or before time of trial, Minnesota Life denies generally and specially the material allegations in Plaintiff's Original Petition and Request for Disclosures, pursuant to TEX. R. CIV. P. 92, and demands strict proof thereof in accordance with the requirements of the laws of this state.

2. **Relief Requested.** Minnesota Life requests the following relief:

    (a) That Plaintiff take nothing by reason of her suit;

    (b) That Minnesota Life be dismissed with its costs; and

    (c) That Minnesota Life have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.



DEFENDANT MINNESOTA LIFE INSURANCE
COMPANY'S ORIGINAL ANSWER – PAGE 1

Respectfully submitted,

By: *s/ Ryan K. McComber*
    Ryan K. McComber
    State Bar No. 24041428
    ryan.mccomber@figdav.com
    Amber D. Reece
    State Bar No. 2695252
    amber.reece@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT
MINNESOTA LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served on the following counsel of record via certified mail, return receipt requested on February 12, 2016:

| | |
|---|---|
| James D. Chandler<br>Law Office of James D. Chandler<br>P.O. Box 9154<br>2004 N. Main Street<br>Liberty, Texas 77575 | Via CM/RRR |

    *s/ Ryan K. McComber*
    Ryan K. McComber